UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

---

JAMES PATRICK FLYNN III,

                Plaintiff,

-against-

MONTEFIORE MEDICAL CENTER;
ALBERT EINSTEIN COLLEGE OF
MEDICINE OF YESHIVA UNIVERSITY;
JOHN DOE (1 THRU 101),

                Defendants.

14-CV-0172 (LAP)

ORDER OF DISMISSAL

---

LORETTA A. PRESKA, Chief United States District Judge:

      By order dated April 2, 2014, the Court directed Plaintiff, who is a California resident incarcerated in a California state prison and is proceeding *pro se* and *in forma pauperis*, to submit an amended complaint within sixty days. By order dated June 11, 2014, Plaintiff was granted a thirty-day extension of time to comply with the Court's April 2, 2014 order. On July 1, 2014, the Court received Plaintiff's amended complaint. The Court dismisses this action for the reasons set forth below.

### STANDARD OF REVIEW

      The Court has the authority to screen *sua sponte* an *in forma pauperis* complaint at any time and must dismiss the complaint, or portion thereof, that is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*,"

*Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted, emphasis in original).

## BACKGROUND

In Plaintiff's original complaint, Plaintiff alleged that during the 1960s and 1970s, while he was a child, he was subjected to medical experimentation at the Montefiore Medical Center ("Montefiore"), in the Bronx, New York. This medical experimentation included, *inter alia*, being exposed to radioactive materials. Plaintiff also alleged that, as a child, he had been treated and had been presented naked to medical students for study during classes at the Albert Einstein College of Medicine ("AECM"), also in the Bronx, New York. Plaintiff alleged that he had suppressed the memories of those experiences for more than thirty years. When those memories began to emerge, Plaintiff sought evidence of those experiences. On October 21, 2013, Plaintiff received a response from the United States Department of Energy as to his Freedom of Information Act request regarding human radiation experimentation conducted by individuals at Montefiore in association with several agencies of the federal government.

In the Court's April 2, 2014 order, the Court dismissed Plaintiff's claims against federal government agency-defendants under the doctrine of sovereign immunity. Because the Court did not find Plaintiff's allegations in his original complaint plausible, the Court held that Plaintiff's original complaint did not comply with the pleading requirements of Rule 8 of the Federal Rules of Civil Procedure ("Rule 8"). It directed Plaintiff to submit an amended complaint in which, in compliance with Rule 8, he was to allege facts showing how he had a plausible claim for relief. In addition, to the extent that Plaintiff was raising claims under New York law pursuant to the Court's diversity jurisdiction, the Court directed Plaintiff to allege any facts in his amended complaint that demonstrated why Plaintiff's state-law claims were timely or why their applicable limitations periods should be equitably tolled.

In Plaintiff's amended complaint, Plaintiff sues Montefiore, the AECM, as well as unidentified "John Doe" Defendants. While not very clear, Plaintiff's amended complaint makes allegations similar to those raised in Plaintiff's original complaint. Plaintiff seems to state that to this day, he suffers from the effects of the events which took place during his childhood at Montefiore and at the AECM.

## DISCUSSION

**Rule 8**

Plaintiff's amended complaint does not comply with Rule 8's plausibility standard. As the Court stated in its April 2, 2014 order, the United States Supreme Court has held that under Rule 8:

> a complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.

*Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). This standard, commonly referred to as the "plausibility standard," is guided by two principles. First, while district courts must accept as true all factual allegations contained in a complaint, "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* Second, when deciding what is plausible, a district court must consider the context and "draw on its judicial experience and common sense." *Id.* at 679.

Plaintiff's amended complaint, which purports to raise claims under both the Court's federal question and diversity jurisdiction, is a stream-of-consciousness rant as to the alleged mistreatment Plaintiff suffered as a child, in the 1960s and the 1970s, at the hands of Montefiore and AECM officials. Plaintiff alleges that he was born in 1962, and that after forty years, his

3

suppressed memories of the mistreatment he experienced finally emerged, ultimately resulting in this action.

Plaintiff's allegations simply do not state a plausible claim for relief.  In addition, his allegations as to the mistreatment he experienced are the very types of "the-defendant-unlawfully-harmed-me" accusations and "'naked assertion[s]' devoid of 'further factual enhancement[]'" that the Supreme Court has stated are insufficient to state a claim under Rule 8. *Id.* at 678 (citation omitted, first alteration in original).  This action is therefore dismissed for failure to state a claim on which relief may be granted.  *See* 28 U.S.C. § 1915(e)(2)(B)(ii).

## CONCLUSION

The Clerk of Court is directed to mail a copy of this order to Plaintiff and note service on the docket.  This action is dismissed for failure to state a claim on which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(B)(ii).  All pending motions are denied as moot.

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith, and therefore *in forma pauperis* status is denied for the purpose of an appeal.  *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

Dated: August 15, 2014
New York, New York

*Loretta A. Preska*
LORETTA A. PRESKA
Chief United States District Judge

4